1

2

3

4        **UNITED STATES DISTRICT COURT**

5        **DISTRICT OF NEVADA**

6

7    PAIGE OTIS POOLE AND ADELE MONGINI      )
     POOLE,                                  )      Case No.  2:12-cv-01588-JCM-CWH
8                                            )
                Plaintiffs,                  )      **ORDER**
9                                            )
     vs.                                     )
10                                           )
     ZIMMER, INC., et al.,                   )
11                                           )
                Defendants.                  )
12   _____)

13        This matter is before the Court on Defendants' Motion for Extension of Time to Answer or

14   Otherwise Respond to Plaintiff's Complaint (#12), filed October 8, 2012, and the parties' Motion

15   to Stay Pending Transfer to Multidistrict Proceedings (#13), filed October 8, 2012.

16        The parties request a stay of all proceedings, including any deadline to answer or otherwise

17   respond to the Complaint, the period for initial disclosures, and all other discovery and pretrial

18   deadlines pending transfer of this action to the United States District Court for the Northern District

19   of Illinois as part of multidistrict proceedings.  This action is one of multiple product liability cases

20   in which Plaintiffs allege that Defendants designed, manufactured, and sold an allegedly defective

21   *NexGen* branded artificial knee implant.

22        The Court finds that the parties have made the strong showing necessary to support the

23   requested stay.  *See Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975).  A stay of all

24   proceedings is appropriate to promote judicial economy and consistency.  On August 8, 2011, the

25   JPML created MDL-2272 and began transferring cases involving *NexGen* branded artificial knee

26   implants to the Northern District of Illinois for consolidated pretrial proceedings pursuant to 28

27   U.S.C. § 1407.  *See In Re: Zimmer NexGen Knee Implant Products Liability Litigation,* (J.P.M.L.

28   2011) (#110).  The Panel was notified of 28 actions pending in 13 districts and 45 additional related

     actions.  The parties' contend that the action before this Court will be submitted as a tag-along

transfer.  Additionally, the Transferee Court is expected to decide the transfer of tag-along actions relatively promptly.  As a result, the Court finds that no prejudice will result to the parties by the granting of this stay.  Furthermore, in light of the Court's decision to grant the request for a stay, the Court finds that the parties' stipulation for an extension of time for Defendants to answer or respond to the Complaint is moot.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (#12) is **denied as moot**.

**IT IS FURTHER ORDERED** that the parties' Motion to Stay Pending Transfer to Multidistrict Proceedings (#13) is **granted**.

DATED this 10th day of October, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**